NATHAN PHILLIPS v. VILLAGE OF KALAMAZOO.

*Malicious prosecution—Probable cause.*

1. An action for malicious prosecution will not lie if plaintiff was convicted before a justice of the peace, but was discharged on appeal, unless the conviction was procured by fraud, perjury or subornation, or was otherwise exceptional. And if any exception is relied on the plaintiff must allege the facts which create it.

2. The Supreme Court is not inclined to express its opinion on questions in the record that are not necessary to a final determination of the case.

Error to Kalamazoo. (Mills, J.) Jan. 22.—March 6.

CASE. Plaintiff brings error. Affirmed.

*Hampden Kelsey* for appellant.

*Robert F. Hill* and *Henry F. Severens* for appellee.

CHAMPLIN, J. The plaintiff brought an action for malicious prosecution against the defendant. In his declaration he alleged that the defendant wrongfully and maliciously caused him to be prosecuted and arrested for the violation of a village ordinance prohibiting peddling without a license in the village; that he was tried before a justice of the peace

and convicted, and on appeal to the circuit court he was acquitted and discharged. The declaration contains no averment that his conviction before the justice was procured by any fraud, perjury, or subornation, and he does not show that his case comes within any of the exceptions applicable to cases where a conviction has been had. Hence, by his own showing, there was not a want of probable cause.

The declaration contained three counts. The defendant demurred to the first, and pleaded the general issue to the second and third counts. The plaintiff entered a voluntary discontinuance upon the second and third counts, and joined in demurrer on the first count. The circuit judge sustained the demurrer and rendered judgment for the defendant.

Counsel for defendant points out the manifest defect in the declaration with reference to the conviction before the justice, but in addition requests us to pass upon the question of liability independently of this insuperable defect, on account of the important question of liability, on general principles of municipal law, involved in a complaint of this kind. It would be departing from our customary practice to express an opinion upon questions in the record which are not necessary for a final determination of the suit, however desirable it might be for counsel in particular instances to have us do so. As a general rule, a conviction before a magistrate is a bar to a malicious prosecution, and if the party complaining relies on an exception to it, he must allege the facts which create the exception. Cooley on Torts 185. No exception to the operation of the rule is claimed in this case.

The judgment is affirmed.

The other Justices concurred.