## THICK *v.* WASHER.

MALICIOUS PROSECUTION — PROBABLE CAUSE — CONVICTION — REVERSAL.

>   In an action for malicious prosecution, the fact that the plaintiff was convicted in the criminal proceedings, is conclusive proof of probable cause, unless the conviction was procured by false or fraudulent testimony or other unlawful means, al-

though the judgment was subsequently reversed by a higher court and the plaintiff acquitted and discharged.

Error to Lapeer; Smith, J.   Submitted October 8, 1903.   (Docket No. 24.)   Decided July 16, 1904.

Case by John Thick against Doctor M. Washer and David V. Yerex for malicious prosecution.   There was judgment for plaintiff, and defendants bring error.   Reversed.

*Elmer Shumar* (*Geer, Williams & Halpin*, of counsel), for appellants.

*Henry H. Smith*, for appellee.

HOOKER, J.   David Yerex and D. M. Washer were respectively president and marshal of the village of Imlay City.   John Thick was an omnibus driver carrying passengers to a fair.   An ordinance required all resident omnibus drivers to pay a license fee of $1 per day, and nonresidents $3 per day, for the privilege.   Thick was arrested upon a warrant, issued upon complaint of Washer, for violating this ordinance, and this complaint was made upon the request of the president, Mr. Yerex, who gave him a bond of indemnity against damages. Thick had refused to pay the license, and apparently the village officers and he had been in a controversy over the validity of the ordinance for some time, because of Thick's claim that it was void, and his refusal to pay.   The marshal and president had been informed by the village attorney that he had not much faith in it, and there is testimony that another attorney had given a similar opinion. Defendants claim that a third lawyer had given his opinion that it was valid, and that the suit was brought to test the question and enforce the ordinance, if it could be enforced, in the belief that it was valid.   The defendant was not locked up, but reported before the justice, gave bond and went to trial, and was convicted.   Upon the trial no

serious effort was made to secure his discharge, i. e., his counsel contented himself with moving his discharge upon the ground that the ordinance was void. Thick testified upon the trial in the present case that he, Thick, "wanted the marshal to lock him up" when arrested, and that upon the trial his counsel wanted the justice to find him guilty, and told him (Thick) so, and this was apparently without protest. On the appeal the ordinance was held invalid, and the conviction was reversed. Thick then began this action for malicious prosecution, and recovered a verdict and judgment for $85 and costs. The defendants, Yerex and Washer, have appealed. They complain of the following rulings: (1) That a request to direct a verdict for defendant was refused. (2) That the court erred in leaving the question of malice to the jury, for the reason that there was no evidence of malice. (3) In restricting counsel to an argument on the question of malice. (4) Error in the charge on the subject of damages. (5) Discussion of the evidence in the charge.

The cause is ruled by the case of *Phillips* v. *Village of Kalamazoo*, 53 Mich. 33 (18 N. W. 547), and *Holmes* v. *Horger*, 96 Mich. 410 (56 N. W. 3). These cases sustain the general rule that "a conviction in criminal proceedings is conclusive proof of probable cause, unless procured by false or fraudulent testimony or other unlawful means," and "the rule applies, although the judgment of conviction was subsequently reversed by a higher court, and the plaintiff acquitted and discharged." See cases cited in 19 Am. & Eng. Enc. Law (2d Ed.), pp. 666, 667. Facts constituting this cause an exception to the rule were neither alleged nor proven.

The judgment is reversed, and no new trial ordered.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. MOORE, C. J., did not sit.