DOAK v. SPRINGSTEAD.

1. False Imprisonment—Probable Cause—Conviction—Fraud—Subsequent Acquittal.

In action for false imprisonment a conviction of an accused is conclusive evidence of probable cause, unless it was obtained by fraud or unfair means, which may be shown in rebuttal, even though afterwards, on appeal, the conviction is set aside or the accused acquitted.

2. Same—Probable Cause—Good Faith of Prosecuting Witness.

Proof of fact that prosecuting witness has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting officer and acted upon his advice establishes a case of probable cause in actions for malicious prosecution and false imprisonment.

3. Same—Warrant.

No action for false imprisonment can be based upon an arrest under a warrant fair upon its face.

4. Same—Conviction—Fraud—Dismissal of Declaration.

Declaration claiming damages for false imprisonment by officers who arrested and detained plaintiff on charge of misdemeanor *held,* properly dismissed where plaintiff was convicted in justice court of misdemeanor occasioning his arrest although upon appeal to circuit court and trial by jury he was found not guilty, where there was no charge in the declaration that the conviction was obtained by false or fraudulent testimony or other unlawful means.

Appeal from Oakland; Holland (H. Russel), J. Submitted April 6, 1938. (Docket No. 35, Calendar No. 39,933.) Decided June 6, 1938.

Case by Robert Doak against Grant Springstead and others for damages for false imprisonment. Case dismissed on defendant's motion. Plaintiff appeals. Affirmed.

*Robert J. Quail,* for plaintiff.

*David C. Pence,* for defendants.

Sharpe, J. This is an action for damages for false imprisonment. The material facts are not in dispute. The plaintiff herein was arrested on February 10, 1935, in the city of Birmingham by police officer Grant Springstead of that city for the commission of an alleged misdemeanor. He was lodged in jail and ordered held for trial. Upon trial in the municipal court, plaintiff was found guilty of the misdemeanor occasioning his arrest. Subsequently, the case was appealed to the circuit court and upon . trial by a jury, plaintiff was found not guilty.

When this cause for false imprisonment came on for trial and at the close of plaintiff's opening statement, defendants made a motion to dismiss for the reason that the conviction of plaintiff in the lower court established the officer's right to make the arrest. The trial court granted defendants' motion and dismissed plaintiff's action. Plaintiff appeals and contends that his conviction before a justice of the peace did not establish as a matter of law that there was probable cause sufficient to justify the officer in arresting him without a warrant. In this cause the declaration does not charge that the conviction in the justice court was procured by false or fraudulent testimony or other unlawful means.

The general rule is well stated in 1 Cooley on Torts (4th Ed.), p. 397, § 118:

"A conviction of the accused is conclusive evidence of probable cause, unless it was obtained by fraud or unfair means, which may be shown in rebuttal; and this is true though afterwards, on appeal, the conviction is set aside or the accused acquitted."

In *Thick* v. *Washer,* 137 Mich. 155, we said:

"The cause is ruled by the case of *Phillips* v. *Village of Kalamazoo,* 53 Mich. 33, and *Holmes* v. *Horger,* 96 Mich. 408, 410. These cases sustain the

general rule that 'a conviction in criminal proceedings is conclusive proof of probable cause, unless procured by false or fraudulent testimony or other unlawful means,' and 'the rule applies, although the judgment of conviction was subsequently reversed by a higher court, and the plaintiff acquitted and discharged.' "

In *Smith* v. *Tolan,* 158 Mich. 89, we said:

"It is the settled law in this State in actions for malicious prosecution and false imprisonment that, where a prosecuting witness has in good faith fully and fairly stated all of the material facts within his knowledge to the prosecuting officer and acted upon his advice, proof of the fact establishes a case of probable cause. *Rogers* v. *Olds,* 117 Mich. 368; *Doty* v. *Hurd,* 124 Mich. 671, and cases cited."

In *Schnider* v. *Montross,* 158 Mich. 263, we said:

"Is defendant liable for the consequences of the second arrest (under the warrant), the plaintiff having been convicted before the justice of the peace and acquitted upon appeal? No action for false imprisonment can be based upon an arrest under a warrant fair upon its face. The plaintiff cannot recover under his count for malicious prosecution because of his conviction before the justice of the peace, that conviction furnishing conclusive proof of probable cause unless procured by false or fraudulent testimony or other unlawful means."

In the instant case the liability of the defendants rests upon the question of whether or not defendant Springstead had probable cause to believe the plaintiff to be guilty of committing a misdemeanor at the time of the arrest. Under the authorities above cited, the trial court was correct in dismissing plaintiff's declaration. The judgment is affirmed. Defendants may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.