PIECHOWIAK v. BISSELL.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—WAIVER OF PRELIM-
INARY EXAMINATION.
     In action for malicious prosecution it is assumed that the plain-
     tiff, who had been accused of embezzlement and had employed
     counsel, disclosed to such counsel all the facts known to him
     on which the prosecution was based and where he waived
     the preliminary examination, such waiver was a circumstance
     bearing on the ultimate question of probable cause although
     not conclusive thereof.

2. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—WAIVER OF
EXAMINATION—SENTENCE.
     A plea of guilty may be withdrawn at any time before sentence
     especially where an examination has been waived and no
     informative court-recorded evidence is available.

3. MALICIOUS PROSECUTION—PROBABLE CAUSE—CONVICTION—FRAUD
—SUBSEQUENT ACQUITTAL.
     In action for malicious prosecution a conviction of an accused
     or judgment on plea of guilty is conclusive evidence of the
     existence of probable cause, unless the conviction or plea of
     guilty was obtained by fraud or unfair means, which may be
     shown in rebuttal, even though afterwards, on appeal, the con-
     viction or judgment is set aside or the accused acquitted.

4. APPEAL AND ERROR—MALICIOUS PROSECUTION—PLEADING—MOTION
TO DISMISS.
     On appeal from order dismissing declaration in action for mali-
     cious prosecution the Supreme Court must accept as true all
     allegations of fact properly pleaded but is not bound by con-
     clusions of the pleader.

5. MALICIOUS PROSECUTION—PROBABLE CAUSE—PLEA OF GUILTY.
     On appeal from order dismissing action for malicious prosecution
     for injury to feelings and reputation incident to prosecution
     of plaintiff on charge of embezzlement wherein it appears that

plaintiff and defendant had conspired to abstract funds from corporation which employed plaintiff as a bookkeeper and which was at first owned by defendant's father and later, by defendant, that plaintiff waived preliminary examination, stood mute upon arraignment in circuit court, later voluntarily appeared and pleaded guilty, and thereafter obtained acquittal after withdrawal of previous plea, plea of guilty is deemed conclusive evidence of probable cause where such plea was not obtained by fraud or unfair means; notwithstanding such subsequent acquittal and allegation that defendant was the only one who profited by the withdrawal of the funds.

Appeal from Bay; McCormick (James L.), J. Submitted April 14, 1943. (Docket No. 72, Calendar No. 42,351.) Decided May 19, 1943.

Case by Leo A. Piechowiak against Clarence H. Bissell for damages for malicious prosecution. Case dismissed on defendant's motion. Plaintiff appeals. Affirmed.

*Robert J. Curry,* for plaintiff.

*Carl H. Smith,* for defendant.

CHANDLER, J. The appellant's statement of facts in his brief is so concise and comprehensive, and being conceded by appellee to be correct, we quote the same:

"The plaintiff and appellant is a resident of Bay City, Michigan. The Alert Pipe & Supply Company is a Michigan corporation, with its principal office at Bay City, Michigan. The defendant is the president of the corporation and resides at Bay City, Michigan.

"On May 7, 1917, the plaintiff entered into the employ of the Alert Pipe & Supply Company as a bookkeeper. At that time, E. J. Bissell, the father of the defendant, owned all the stock of the corporation, except two or three qualifying shares. The

plaintiff continued in the employ of the corporation until March 30, 1935. E. J. Bissell died in 1926. The defendant thereupon became the president of the corporation and succeeded to the ownership of all of the stock of the corporation, except two shares used to qualify directors.

"The plaintiff was discharged from the employ of the corporation on March 30, 1935, and on April 9, 1935, he was arrested on a charge of embezzlement of funds of the corporation. He waived examination before the police justice and was bound over to the circuit court. On May 18, 1935, he was arraigned in the circuit court upon the information filed therein, and at that time he stood mute and a plea of not guilty was entered. On July 13, 1935, he again appeared in the circuit court and plead guilty to the two counts of embezzlement contained in the information. On October 12, 1935, he moved the court for leave to withdraw his plea of guilty and to enter a plea of not guilty. The motion was denied and sentence was imposed upon him. He was granted leave to appeal to the Supreme Court. On appeal to the Supreme Court, the conviction and sentence was set aside. A plea of not guilty was thereupon entered. In July, 1939, he was tried before a jury and acquitted.

"The case at bar is an action brought by the plaintiff against the defendant for malicious prosecution. Upon the filing of the declaration, a motion was made by the defendant to dismiss the cause on the ground that the declaration does not state a cause of action, and on other grounds. The trial court granted the motion. * * * An order was entered accordingly. This is an appeal from that order."

However, in view of the fact that the trial court disposed of the case by an order granting defendant's motion to dismiss because the declaration failed to state a cause of action, and we, therefore,

are bound to accept the material allegations of fact
therein set forth as true, the foregoing statement of
facts is not of great importance.

Inasmuch as the trial court had before him, in ad-
dition to plaintiff's declaration, the original records
and files of the circuit court for the county of Bay
in the criminal case involving plaintiff, on which this
action is predicated, and copies of the same are made
a part of the settled record on this appeal, we feel
that any reference thereto by the court below or by
us is not out of place. But in view of the admissions
of plaintiff contained in the allegations in his decla-
ration we do not consider the complaint, warrant
and information in the criminal case of any great
moment.

We will briefly summarize what we consider the
material allegations relied upon by plaintiff in his
declaration.

He alleges in paragraph two of said declaration
that in May, 1917, when 19 years of age, he entered
the employment of the Alert Pipe & Supply Com-
pany, a Michigan corporation, with its main office
at Bay City, as a bookkeeper; that E. J. Bissell, the
father of defendant, owned all of the capital stock
of said corporation, except two or three qualifying
shares, and that he was therefore in virtual control
of said corporation; that he remained in the employ-
ment of said corporation as a bookkeeper from the
date of his employment until March 30, 1935, when
he was discharged from said employment; and that
said E. J. Bissell died in 1926 and that defendant,
upon the death of his father, succeeded to the owner-
ship of all the stock of said corporation, excepting
two shares, one held by the wife of defendant and
the other by one Walter Jarvis.

In paragraph three, it is alleged that in June, 1920,
defendant was the treasurer of said company and

remained in this position until the death of his father in 1926. It is further alleged in said paragraph that in June, 1920, the defendant complained to plaintiff that his (defendant's) father, did not give him sufficient money on which to live, and requested plaintiff to turn over to him $100 in cash and take his receipt therefor; that subsequently he, defendant, arranged with plaintiff to turn over to him sums of money from time to time, at his request; to take his receipt therefor, and charge the amount to notes receivable; to enter the amount but not to enter defendant's name; and to hold said receipts as protection for plaintiff in case anything happened to defendant, or in case a discrepancy in plaintiff's records was discovered; that this method was pursued until the summer of 1925 and that during the years 1920 to 1925, inclusive, many sums of money were turned over to defendant in this manner; that in 1925 defendant informed plaintiff that the notes receivable were too high and requested him to charge such withdrawals to accounts receivable; that from 1925 to 1930, inclusive, several sums of money belonging to the corporation were turned over to the defendant by plaintiff and the sums so taken were charged to accounts receivable, the defendant on each occasion giving to plaintiff a receipt therefor to hold for plaintiff's protection; that during the periods aforesaid the total amount of money turned over to defendant by plaintiff from the funds of the corporation, and for which his receipts were taken, was $17,000 or thereabouts; and that the plaintiff kept the receipts so given him by the defendant in an envelope in the bottom of one of the safes in the offices of said corporation.

In paragraph four of the declaration, plaintiff alleges that in the fall of 1934, defendant's wife commenced divorce proceedings in the Bay county circuit court against defendant and that the court made

an order that all stocks and bonds of defendant be impounded during the pendency of the divorce proceedings; that the defendant picked from said bonds certain ones of the value of $9,000 and asked plaintiff to secrete them in the office, but that plaintiff knowing of said court order refused to do so; that the defendant was enraged at plaintiff because plaintiff declined to be a party to the violation of the order of the court.

In paragraph five plaintiff alleges that upon the trial of said divorce case plaintiff was a witness for defendant but that his testimony did not please defendant and defendant accused him of playing into the hands of the plaintiff in the divorce proceedings; that from the time of said divorce hearing until plaintiff was discharged from defendant's employment, defendant frequently accused plaintiff of giving to his wife information about his business; and, that defendant was then no longer friendly to plaintiff and that the feeling between them became such that plaintiff offered to quit his employment, whereupon defendant said to plaintiff: "You would like to do that and shoot off your mouth about me." Defendant told plaintiff that he had the receipts, which defendant had given to plaintiff, in his possession and that plaintiff had better go back to his books and let defendant look after his own affairs. Plaintiff alleges that he then looked for the receipts and found that they were not in the safe where he had kept them; that in February, 1935, defendant employed auditors to audit the books, telling plaintiff that he intended to reduce the book value of the assets of the business; that the auditors discovered the discrepancy in the accounts and that the plaintiff believes the defendant then saw the opportunity to cause plaintiff trouble and eliminate him as a danger in the divorce case.

The sixth paragraph of plaintiff's declaration al-

leges that on April 9, 1935, the said W. N. Jarvis, at the request and instigation of defendant, went before a magistrate and did then and there falsely and maliciously, and without any reasonable or probable cause whatsoever, charge plaintiff with the crime of embezzlement and larceny, and upon such charge "the said defendant falsely and maliciously, and without any reasonable or probable cause whatsoever, caused * * * the said justice to make and grant his certain warrant for the apprehension and arrest of * * * plaintiff for the offense so charged against him;" that plaintiff was arrested and arraigned before said justice, waived examination and was bound over to the circuit court for the county of Bay for trial; that on the 18th of May, 1939, he was arraigned in said circuit court and upon said arraignment he stood mute and a plea of not guilty was entered by the court.

In paragraph 7, plaintiff alleges that when he appeared before said magistrate he followed the advice of his attorney and waived examination; that when first arraigned in the circuit court he stood mute; that he had never denied that he made the false entries in the books of the corporation complained of but always maintained that he never took any money from said corporation to which he was not legally entitled; that he was repeatedly told and advised that since he did not have the receipts aforesaid no one would believe him and that he did not have a chance against the wealth and influence of the defendant and that it would be better for him to plead guilty and throw himself upon the leniency of the court than to stand trial; that laboring under the shock of the arrest and of being charged with such a crime and being fearful of the consequences to his family, he was induced and persuaded to change his plea from not guilty to guilty and that

on July 13, 1935, he appeared in court and pleaded guilty to the two counts of embezzlement contained in the information.

In paragraph 8 of said declaration, plaintiff asserts that when he appeared in court for sentence on October 12, 1935, he had no knowledge as to what the sentence would be, but that during many months which had elapsed between the entry of the plea of guilty and the time fixed for the imposition of sentence, he had had time to reflect upon the matter and had decided that he would rather stand trial, whatever might be the consequences, than to take the position that he was guilty of a crime of which he was innocent.

The next paragraph of the declaration sets forth his appeal to this Court from his conviction and sentence and the determination of said appeal, and that upon the trial of the case he was acquitted by a jury and duly discharged by the court.

In paragraph 10, plaintiff alleges knowledge on the part of the defendant that no money had been stolen or embezzled by him from the corporation, and that the complainant, Walter N. Jarvis, and the defendant neglected to disclose to the magistrate the true facts, and failed to disclose the true facts to the prosecuting attorney, and that had they (Jarvis and defendant) disclosed the true facts to the magistrate and the prosecutor no warrant would have been issued and plaintiff would not have been arrested and tried.

In paragraph 11 of said declaration, it is alleged that Jarvis was in the employ of said corporation, and in his employment was under the complete domination and supervision of the defendant and in so far as said business was concerned he did the bidding of the defendant; that in making said complaint Jarvis was following the directions of the de-

fendant; that Jarvis would not have made such complaint had he not been ordered and directed to do so by the defendant; that Jarvis failed to disclose the true facts to the prosecuting attorney and the justice because he was ordered by the defendant not to disclose the true facts, and that upon his (plaintiff's) trial defendant here was a witness against him; that the charges made and caused to be made against plaintiff were false and malicious and were made without any reasonable or probable cause.

The remaining paragraphs of said declaration are not important for the determination of the issues presented by this appeal.

Appellant states the questions involved as follows:

"1.  Did the plaintiff's plea of guilty, under the circumstances, set forth in the declaration, constitute conclusive evidence that there was probable cause for the arrest?"

"2.  Did the plaintiff, in his declaration, admit that he was guilty of the crime of embezzlement?"

"3.  Does the declaration state a cause of action?"

It should be noted that nowhere in plaintiff's declaration does he allege or claim that any act or statement on the part of defendant motivated his plea of guilty to the charge of embezzlement; neither does it allege that his conviction was procured by entry of his plea of guilty through the use of any false or perjured testimony, or by means of any fraud, deceit or wrongdoing on the part of any of the prosecuting officers or by means of any threat or promises on the part of said officials, or by means of any wrongdoing on the part of defendant, the complaining witness, or any other parties concerned with his prosecution.  His allegations are that, "laboring under the shock of the arrest and of being charged with

such a crime and being fearful of the consequences to his family, he was induced and persuaded to change his plea from not guilty to guilty." This allegation clearly negatives any responsibility on the part of defendant for plaintiff's plea of guilty to the charge of embezzlement.

If we are permitted to indulge in any assumptions, and we think we are, we must assume that plaintiff is and was a person of at least ordinary intelligence, and that upon the employment of counsel he disclosed to such counsel all the facts known to him on which such prosecution was based.

Upon plaintiff appearing before the magistrate in response to the warrant, he was represented by an attorney of his own choice, and upon the advice of said attorney he waived the right to an examination to which he was clearly entitled. The purpose of this examination is to enable the magistrate to determine whether a crime has been committed and that there is probable cause to believe that the accused committed it. We are persuaded that this proceeding justified the magistrate in his determination that he believed a crime had been committed and that there was probable cause to suspect that plaintiff had committed it. This was a circumstance bearing on the ultimate question of probable cause, although not conclusive of the fact.

Nearly six weeks after plaintiff waived examination he was arraigned in the circuit court on an information charging him with embezzlement and larceny; he stood mute and a plea of not guilty was entered by the court and he was released from custody pending trial. On July 13, 1935, nearly two months thereafter, as shown by the records of this court, he voluntarily appeared in court with his attorney and pleaded guilty to the charge of embezzlement, and sentence was deferred. On October 12, 1935, months

thereafter, he was ordered to appear for sentence, at which time he filed a motion for leave to withdraw the plea of guilty, enter a plea of not guilty and have a trial, for the first time, so far as is disclosed by the record, asserting his innocence. See *People* v. *Piechowiak,* 278 Mich. 550, and the allegations in plaintiff's declaration in the instant case. His claim at the time of entering this motion, as shown by the opinion of the court in the criminal case was:

"That he was naturally disturbed when arrested and charged with the offense of embezzlement; that he was advised to plead guilty and was advised that it would be impossible for him to establish his innocence upon a trial, and that he was advised that if he plead guilty, sentence would be either suspended or he would be put upon probation, and that if he stood trial and was convicted he would, no doubt, be sentenced to a long term of imprisonment. * * *

"That he informed the attorneys who have represented him that he was innocent; that he has never admitted to any one that he was guilty, and that the fact is that he actually is not guilty of embezzlement, or any other crime; that following the advice given him, he permitted and allowed a plea of guilty to be entered; that he, himself, has had no direct assurances from the court or from the prosecuting attorney that sentence would be suspended, or that he would be put upon probation; that he has had time to reflect upon the course taken by him in permitting and allowing said plea of guilty to be entered and that he feels that if said plea of guilty stands he will have done a grave injustice to himself and to his family, and that a grave injustice will have been done to him; that, being entirely innocent in the matter, he prefers to stand trial and accept whatever consequences may ensue." *People* v. *Piechowiak, supra.*

Justice WIEST, speaking for the court, said:

"We have given the showing and counter-showing consideration and entertain the opinion that defendant should have leave to withdraw the plea of guilty. A considerate procedure of long recognition in this jurisdiction admits of withdrawal of a plea of guilty at any time before sentence, and this is especially true where in a case like this, an examination has been waived and, therefore, no informative court-recorded evidence is available. The plea admitted guilt but the affidavit in support of the denied motion averred innocence and the issue of fact should be open to proofs upon a trial."

We quote the foregoing from the opinion in the above-cited case to show that the reversal was because of a well-established rule of this court to permit withdrawal of a plea of guilty at any time before sentence where an examination has been waived and "therefore, no informative court-recorded evidence is available," and not because of any change in the attitude of this court towards the general rule as stated in 1 Cooley on Torts (4th Ed.), p. 397, § 118:

"A conviction of the accused is conclusive evidence of probable cause, unless it was obtained by fraud or unfair means, which may be shown in rebuttal; and this is true though afterwards, on appeal, the conviction is set aside or the accused acquitted."

See, also, *Thick* v. *Washer,* 137 Mich. 155; *Mack* v. *Sharp,* 138 Mich. 448 (5 Ann. Cas. 109); *Doak* v. *Springstead,* 284 Mich. 459, and authorities cited therein.

"Where it appears that the plaintiff in an action for malicious prosecution was convicted in the proceeding complained of, and the judgment has either

been sustained upon appeal or has become final by reason of the absence of an appeal, he must fail not only because of the failure to disclose a termination of the proceeding in his favor, but also because the judgment is generally regarded as conclusive upon the question of the existence of probable cause. So, also, a judgment upon a plea of guilty is generally regarded as conclusive evidence of the existence of probable cause, unless the entering of such plea was accomplished by fraudulent means." (34 Am. Jur. p. 737.)

In determining the sufficiency of plaintiff's declaration, we must accept as true all allegations of fact properly pleaded but are not bound by the conclusions of the pleader.

Accepting as true the allegations of fact in said declaration, we find that plaintiff and defendant in 1920 entered into a criminal conspiracy to abstract funds of the Alert Pipe & Supply Company, the part each was to play being clearly and definitely agreed upon between them. True, according to plaintiff, he did not profit by the transactions which continued over a period of many years, but defendant did obtain upwards of $17,000 in cash taken from the till of the corporation by plaintiff. During this period of years, plaintiff was a willing actor in the conspiracy, continuing to make the false and fraudulent entries in the corporation's books to prevent discovery of these thefts, and taking defendant's receipts to protect himself in case of discovery. The parting of the ways came in 1934 when defendant accused plaintiff of double-crossing him in his divorce case. In turn, plaintiff charges defendant with double-crossing him by abstracting plaintiff's receipts from the safe of the corporation where they were kept by plaintiff. Defendant seeks revenge by maliciously causing to be made a false accusation against plaintiff. Plaintiff retaliates by seeking re-

covery of defendant damages to the amount of $50,000 largely for injury to his feelings and reputation.

The situation presented recalls to our minds the old adage, "when thieves fall out, honest men (sometimes) get their dues," but it does not necessarily follow that in such instances wrongdoers generally get their just deserts.

Our research fails to disclose any recorded instance where a court of law or equity has given aid or comfort to one wrongdoer against a fellow wrongdoer seeking a division of the loot. The courts have universally left them in the position in which they have placed themselves.

We hold that the plea of guilty by plaintiff to the charge of embezzlement in the manner as set forth in the declaration is conclusive evidence of probable cause, where, as here asserted, such plea was not obtained by fraud or unfair means, and that the trial court did not err in dismissing the declaration.

Affirmed, with costs to appellee.

BOYLES, C. J., and NORTH, STARR, WIEST, AND BUTZEL, JJ., concurred with CHANDLER, J.

SHARPE, J. (*concurring*). I am in accord with the conclusion reached by Mr. Justice CHANDLER. The general rule is:

" 'A conviction of the accused is conclusive evidence of probable cause, unless it was obtained by fraud or unfair means, which may be shown in rebuttal; and this is true though afterwards, on appeal, the conviction is set aside or the accused acquitted.' " *Doak* v. *Springstead,* 284 Mich. 459.

The above rule obtains where the conviction was based on an actual trial and applies even though the conviction was set aside on appeal.

In the case at bar, plaintiff pleaded guilty. We must assume that the trial judge, before passing sentence, investigated the plea of guilty and satisfied himself, as is provided for in 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058), that plaintiff was guilty of the crime charged. The subsequent granting of a new trial to plaintiff did not lessen the force of his plea of guilty. When plaintiff pleaded guilty, was examined, and sentenced, the effect was the same as if he had been tried before a jury and found guilty. In either case conviction would be conclusive evidence of probable cause.

The judgment is affirmed, with costs to defendant.

BUSHNELL, J., concurred with SHARPE, J.