MOORE *v.* MICHIGAN NATIONAL BANK.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE—CONVICTION—FRAUD—
REVERSAL—NOLLE PROSEQUI.
   A conviction in criminal proceedings is conclusive proof of prob-
   able cause, in action for malicious prosecution, unless the
   conviction was procured by false or fraudulent testimony or
   other unlawful means, even though the conviction be subse-
   quently reversed by a higher court and the plaintiff acquitted
   and discharged, or a *nolle prosequi* be entered after conviction.

2. PROCESS—ABUSE OF PROCESS.
   Improper use of criminal process as a means of collecting a
   private debt may be so abusive that it constitutes an actionable
   tort.

3. MALICIOUS PROSECUTION—PROBABLE CAUSE—TERMINATION OF EAR-
LIER ACTION.
   It must be shown in an action for malicious prosecution that the
   process was employed without probable cause and that it
   terminated in favor of the plaintiff in the action for malicious
   prosecution.

4. PROCESS—ABUSE OF PROCESS—PROBABLE CAUSE.
   Lack of probable cause is not an essential element in an action
   for abuse of process.

5. SAME—ABUSE OF PROCESS—TERMINATION OF EARLIER ACTION.
   It is unnecessary to prove the termination of the proceeding

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Malicious Prosecution §§ 54–56.
[2] 1 Am Jur 2d, Abuse of Process § 15.
   Civil liability for use of criminal process to collect debt. 4 ALR
   233; 162 ALR 800.
[3] 34 Am Jur, Malicious Prosecution § 6.
[4] 1 Am Jur 2d, Abuse of Process § 6.
[5] 1 Am Jur 2d, Abuse of Process § 7.
[6] 1 Am Jur 2d, Abuse of Process § 5.
[8] 1 Am Jur 2d, Abuse of Process § 24.

in which process was issued when person against whom it was issued brings an action for abuse of process.

6. SAME—ABUSE OF PROCESS—SUBSEQUENT MISUSE.

The subsequent misuse of process that has been properly obtained constitutes the misconduct for which liability is imposed for abuse of process.

7. SAME—ABUSE OF PROCESS—STATUTE OF LIMITATIONS.

Count of declaration claiming defendant bank was guilty of abuse of process in its attempts to collect debt from plaintiff by accusing him of having knowingly submitted false financial statements to it for the purpose of obtaining a loan should have been dismissed, where, although conviction ensued less than 2 years prior to commencement of action by plaintiff, the acts complained of were committed more than 3 years prior, the pertinent statute of limitations for abuse of process requiring commencement of action within 3 years from time cause of action arose (CLS 1956, § 609.13).

8. SAME—ABUSE OF PROCESS—STATUTE OF LIMITATIONS.

The injury complained of in an action for abuse of process is one to the person and the applicable statute of limitations is 3 years (CLS 1956, § 609.13).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted January 4, 1962. (Docket No. 32, Calendar No. 49,291.) Decided October 1, 1962.

Case by John A. Moore against Michigan National Bank, a national banking association, for malicious prosecution and abuse of process. Motion to dismiss denied. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Katsoulos & Gillis,* for plaintiff.

*Walsh, O'Sullivan, Stommel & Sharp,* for defendant.

OTIS M. SMITH, J. On or about June 26, 1953, an officer of the defendant corporation instituted criminal proceedings against the plaintiff by signing

a complaint charging the plaintiff with having knowingly submitted false financial statements to the defendant for the purpose of procuring a loan, in violation of CL 1948, § 750.219 (Stat Ann § 28.416). Before signing, the record shows that the defendant requested an opinion from the prosecuting attorney as well as private counsel as to whether the plaintiff's statements constituted sufficient grounds for criminal prosecution. In both instances the defendant was advised in the affirmative. Subsequently, the plaintiff was tried in circuit court and convicted on April 25, 1955. Leave to appeal his conviction was granted by this Court. For reasons not disclosed, plaintiff and a successor prosecuting attorney entered a stipulation to dismiss the appeal. Upon motion of the prosecutor a *nolle prosequi* was entered in circuit court dismissing the charge against the plaintiff on or about June 6, 1958.

On June 3, 1960, the plaintiff filed suit seeking damages under counts in malicious prosecution and abuse of process. The defendant countered with a motion to dismiss for the reasons that (1) conviction by a jury in the county of plaintiff's residence was conclusive evidence of probable cause barring plaintiff's count for malicious prosecution, and (2) the abuse of process count did not state a cause of action, and even if found to do so it was barred on its face by the statute of limitations. Appeal is taken on leave granted from an order denying the motion.

Nowhere in his declaration did plaintiff allege that his conviction was obtained by fraud, perjury, or subornation. Hence, by his own showing he failed to establish a want of probable cause. *Phillips* v. *Village of Kalamazoo,* 53 Mich 33. By long-established rule in this jurisdiction, a conviction in criminal proceedings is conclusive proof of probable cause, unless procured by false or fraudulent testimony or other unlawful means, and the rule applies, although the

judgment of conviction is subsequently reversed by a higher court, and the plaintiff acquitted and discharged. *Thick* v. *Washer*, 137 Mich 155. Also, see *Phillips* v. *Village of Kalamazoo, supra; Holmes* v. *Horger,* 96 Mich 408; *Piechowiak* v. *Bissell,* 305 Mich 486; American Law Institute, 3 Restatement, Torts, § 667. Entering a *nolle prosequi* after conviction in no way alters this rule. Plaintiff's count in malicious prosecution ought to have been dismissed.

Averring that 2 days after several mortgages given the defendant as security were declared invalid during bankruptcy proceedings, defendant signed the complaint in question, the plaintiff declared that criminal action was taken against him for the ulterior purpose of humiliating him and bringing such discredit to his business reputation so as to coerce him into paying a debt owed to the defendant bank. The declaration further states that while the criminal proceedings were pending, the defendant instituted a civil suit on December 10, 1954, to collect the debt. Because of the defendant bank's harassing tactics in the criminal proceeding, the plaintiff alleged he was forced to reach a settlement.

Improper use of criminal process as a means of collecting a private debt may be so abusive that it constitutes an actionable tort. *Marlatte* v. *Weickgenant,* 147 Mich 266; 162 ALR 800. However, this is of little consequence to the plaintiff if his right is barred by the statute of limitations. The problem immediately at hand is to determine when a cause of action for abuse of process accrues. In this regard distinction is often made between an action for malicious use of process and abuse of process. The former action requires a showing that process was employed without probable cause. 72 CJS, Process, § 119, pp 1188, 1189; 14 ALR2d 264, 322. It is also said that in the instance of malicious use, the proceeding must terminate favorably to the plaintiff.

If the plaintiff is to prevail he must of necessity rely upon the latter theory, since in an action for abuse of process lack of probable cause is not an essential element. Nor is it necessary to prove the termination of the proceeding in which process was issued. *Moffett* v. *Commerce Trust Co.* (Mo), 283 SW2d 591; Prosser on Torts (2d ed), § 100, pp 667–669; 72 CJS, Process, § 120, pp 1194, 1195. 3 Restatement of Torts, comment under section 682, sets forth the essence of the tort:

"The gravamen of the misconduct for which the liability stated in this section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings which were brought with probable cause and for a proper purpose or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this section."

Appellant maintains that the plaintiff's right commences with the first act committed in wrongfully using process to obtain an advantage outside the intended purpose of legal redress. Assuming that the defendant continued to make tortious use of the criminal proceeding during its pendency, plaintiff's pleadings disclose that he commenced his present action nearly 7 years after the defendant signed the complaint and more than 5 years after the plaintiff's conviction. Were the defendant guilty of using criminal process as leverage to enforce payment of its debt, the declaration reveals that such misconduct,

and all alleged acts calculated toward that end, occurred prior to plaintiff's conviction. Bearing in mind that the ultimate disposition of the proceeding in which process is wrongfully used is immaterial, the appellant's position is more persuasive than this Court's apparent holding in *Sanders* v. *Leeson Air Conditioning Corporation,* 362 Mich 692, that an action instituted for abuse of process before final determination of the principal litigation is prematurely brought.

Since the injury complained of is one to the person, the applicable statute of limitations is 3 years. CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). Plaintiff's cause of action accrued before his conviction and hence is barred on the basis of facts alleged in his own declaration. The count in abuse of process should also have been dismissed.

Reversed and remanded for entry of judgment of no cause of action. Costs to appellants.

Carr, C. J., and Dethmers, Kelly, Kavanagh, and Adams, JJ., concurred.

Black and Souris, JJ., did not sit.