GEDRATIS *v.* JUDGE OF SUPERIOR COURT OF
GRAND RAPIDS.

1. INTOXICATING LIQUORS — DUTY OF OFFICER TO RETURN SEIZED
PROPERTY TO ACCUSED AFTER ACQUITTAL WITHOUT ORDER OF
COURT.

Since, under section 31 (*b*), Act No. 3, Pub. Acts 1926,
Extra Session, amending Act No. 338, Pub. Acts 1917,
upon acquittal or discharge of an accused person arrested
for illegal transportation of intoxicating liquors, it is the
duty of the person or officer having in custody or posses-
sion the conveyance seized in connection with accused's
arrest to "forthwith" return same, it is not the imperative
duty of the court, immediately after acquittal, to order
the officer to comply with the law; there being no pre-
sumption that he will not do so.[1]

2. SAME—"FORTHWITH" DEFINED.

As used in said statute, "forthwith" does not necessarily
mean immediately, but implies a longer or shorter time
according to circumstances; in matters of practice courts
generally construing it as meaning within 24 hours.[2]

3. SAME — ORDER TO RETURN SEIZED PROPERTY PROPERLY DENIED
WHERE NOT WITHIN JURISDICTION OF COURT.

A petition, filed after petitioner's discharge in the superior
court of Grand Rapids, for an order for the return to
him of an automobile seized in connection with his arrest
for illegally transporting intoxicating liquors, was properly
denied, where it appeared that said automobile was then
in the custody of Federal officers and was not within the
jurisdiction of the court.[3]

4. MANDAMUS—ANSWER TAKEN AS TRUE.

In mandamus proceedings against the judge of the su-
perior court of Grand Rapids, the return to the order to
show cause must be taken as true.[4]

5. COURTS—PROPERTY IN POSSESSION OF ONE COURT NOT DISTURBED
BY PROCESS FROM ANOTHER COURT.

Where property is in the actual possession of one court

[1]Intoxicating Liquors, 33 C. J. § 393; [2]Forthwith, 26 C. J. p. 998;
[3]Intoxicating Liquors, 33 C. J. § 397; [4]Mandamus, 38 C. J. § 621.

of competent jurisdiction, such possession cannot be disturbed by process out of another court.[5]

6. MANDAMUS—WILL NOT ISSUE WHERE IT WOULD BE VAIN THING. Mandamus will not issue where its issuance would be nugatory and a vain thing.[6]

Mandamus by Charles Gedratis to compel Leonard D. Verdier, judge of the superior court of Grand Rapids, to enter an order for the return of an automobile seized for an alleged violation of the liquor law. Submitted September 7, 1926. (Calendar No. 32,734.) Writ denied October 4, 1926.

*Michael Garvey,* for plaintiff.

*Earl W. Munshaw,* Prosecuting Attorney, and *Peter A. Hartesvelt,* Assistant Prosecuting Attorney, for defendant.

STEERE, J.   On May 5, 1926, a police officer of Grand Rapids arrested plaintiff, Gedratis, while he was driving a Durant touring car through the city carrying a quantity of liquor, took possession of the car with its contents, and made complaint against him for possessing and transporting intoxicating liquor.   Following requisite preliminary proceedings, an information charging that offense was filed against him in the superior court of Grand Rapids.   When arraigned he stood mute, a motion to suppress evidence was denied, and on June 22, 1926, the case was called for trial by jury before the judge of that court.   After the jury had been sworn and testimony offered by the prosecution heard, the court granted the prosecuting attorney's motion to *nolle prosse* the case and discharge the defendant because he was unable to produce certain evidence essential to conviction.   In granting the motion the court said he would "tell the jury why." The stenographer's report of what followed is made

[5]Courts, 15 C. J. § 646; [6]Mandamus, 38 C. J. § 23.

part of the return to the order to show cause issued by this court by stipulation of counsel.   In his explanation to the jury the court made no direct mention of search and seizure beyond saying "The right of this officer to discover whether or not there was liquor in this car depended entirely upon his right to stop the car" and, apparently on concessions of the prosecutor, that the officer's right to stop the car was based on the defendant's violation of a city ordinance, and "this court does not take what is called judicial notice of city ordinances."   After some further comments on the situation not material here, the court concluded his remarks to the jury, and the case, as follows:

"But the proper proof has not been made and cannot be made to show that this officer stopped him because he was violating the city ordinance.   Therefore it becomes necessary to *nolle prosse* the case, and the respondent will be discharged, and the jury is excused until tomorrow morning at 9:30.

"*Mr. Garvey* (defendant's counsel):   I would request the court enter an order requiring the chief of police or whoever has possession of this automobile to return it back to the respondent because the seizure is unlawful, and the court has a right to grant the motion; not asking for the liquor, but the automobile itself.

"*The Court:* I wouldn't make any such order, because that is not before me."

Promptly after this counsel for Gedratis filed a petition with the State commissioner of public safety "in accordance with the statute of this State in such case made and provided," as he states, and received an answer, dated June 24, 1926, reading in part as follows:

"According to your petition this case was dismissed for illegal search according to Act No. 3 passed by the special session of 1926, that when a car is confiscated for the transportation of intoxicating liquor,

236—Mich.—25.

in the event that the case is dismissed it is necessary for the car to be returned to the owner.

"Very truly yours,
"OSCAR G. OLANDER,
"Deputy Commissioner.

"P. S.   We have carefully gone over our records and we have been unable to find a seizure report covering this seizure."

On July 9, 1926, Gedratis as relator filed in the superior court of Grand Rapids and presented to defendant herein a sworn petition setting up his ownership of the car, discharge, etc., asking an order for return to him of the car and its contents.   This was refused and the instant petition followed for a writ of mandamus to compel defendant to enter an order for return of the car and contents.   Most of the facts alleged in plaintiff's petition for a writ of mandamus are undisputed.   Defendant denies plaintiff's allegation that the case was dismissed "because said search and seizure was illegal and the evidence so seized could not be used against petitioner in prosecuting him for the possession and transportation of intoxicating liquor."

Paragraph 6 of plaintiff's petition, which fairly states his claim, is met in defendant's return as follows:

"Answering paragraph 6 of said petition, respondent admits that a motion was filed in his court, requiring the court to enter an order for the return of said touring car, liquors and containers, and respondent admits that he refused to enter an order returning said property to petitioner Gedratis, but respondent further answering said paragraph denies that he had any jurisdiction of the matter; that said property had long since been seized by the Federal authorities; that said Federal authorities took said property into their custody within a few minutes after the discharge of petitioner Gedratis upon the prosecuting attorney's motion to *nolle prosse*.   Petitioner states further that said property had been in the custody and control of

the Federal prohibition agents since the 22d day of June, 1926; that he had no jurisdiction over said property at the time the motion for the return of said property was made; that said motion for the return of said property was presented to him with an order attached; that there was no evidence that said motion had been served upon the prosecuting attorney or upon the commissioner of public safety of the State of Michigan; that no hearing of any kind was requested and that the attorney for petitioner demanded that respondent sign an order releasing said property forthwith and immediately upon the filing of the motion for the return of said property.

"Respondent states further that at the time of the motion, and ever since, said property has been beyond his control and not within the jurisdiction of the superior court of which he is judge."

Plaintiff plants his right to the mandatory writ prayed for on section 31 (*b*) of Act No. 3, Pub. Acts 1926, Extra Session, which the legislature declared "immediately necessary for the preservation of the public peace, health and safety of the State," and gave immediate effect on March 13, 1926.   Said section reads as follows:

"SECTION 31 (*b*).   When any person, who having been arrested on a charge of violating the provisions of this act shall be acquitted or discharged of said offense, the person or officer having in custody and possession any conveyance seized in connection with his arrest as being used in connection with the violation of this act, shall return same forthwith after such acquittal or discharge if such person can be found in the county; and if said person cannot be found within thirty days after such acquittal or discharge, the same shall be deemed to be abandoned property."

In support of his contention that plaintiff is otherwise remediless, his counsel quotes the first sentence of section 32, Act No. 382, Pub. Acts 1925, which in its entirety reads as follows:

"SECTION 32.   Intoxicating liquors, furniture, vessels, containers, implements, wagons, buggies, auto-

mobiles, watercraft, aircraft or any other vehicle or conveyance seized as hereinbefore provided, shall not be taken from the custody of any officer or the commissioner of public safety by a writ of replevin or other process other than as herein set forth. Any officer of this State who neglects or refuses to comply with the provisions hereof shall on conviction thereof be deemed guilty of a misdemeanor and fined not to exceed two hundred dollars or imprisonment in the county jail for a term not to exceed sixty days, or both, in the discretion of the trial court."

As the act now reads we are not prepared to construe that provision as limiting the remedy of an innocent owner after the trial ends in acquittal to an order of restitution by the trial court.

While the prohibition act (Act No. 338) of 1917 has been amended at the regular sessions of 1919, 1921, 1925 and the last extra session of the legislature, the statutory rights and duties of the parties to this inquiry are to be tested by the act of 1917 as it stood amended after the extra session of 1926. Section 31 (b), upon which plaintiff relies, now makes it the mandatory duty, in case the accused is acquitted or discharged, of the person or officer having in custody and possession the conveyance seized in connection with his arrest to forthwith return the same, if the discharged person can be found in the county within 30 days after his discharge. Forthwith does not necessarily mean immediately, but implies a longer or shorter time according to circumstances and the nature of the thing to be done. In matters of practice courts generally construe it as meaning within 24 hours. This imperative duty is imposed directly upon such person or officer with no requirement or suggestion that any order of the court is a prerequisite, and for neglect or refusal of officer to comply with the requirements of the act he is to be deemed guilty of a misdemeanor and made subject to fine or imprisonment.

As slightly amended in 1919, section 29 of the act,

as pointed out and construed in *Taylor* v. *Isabella Circuit Judge,* 209 Mich. 97, made it imperative on the officer to hold property so seized "subject to the order of the court," with further provisions as to disposition of the same "upon final judgment of the court." Under the present scheme of the law for disposition of seized property, amended section 29 does not require the officer to hold the same subject to the order of the court but only retains the following provisions:

"SECTION 29. As used in this act the word 'conveyance' shall be deemed to include wagons, buggies, automobiles, watercraft, aircraft, or any other vehicle. When intoxicating liquors, vessels, implements, furniture or conveyances are seized as provided in this act, the officer who made such seizure shall upon his return upon the warrant make a statement setting forth their seizure by him and their place of detention. Said warrant shall not be held void nor such intoxicating liquors, vessels, implements, furniture or conveyance returned to any person claiming the same by reason of an alleged insufficiency of description in the complaint or warrant: *Provided,* That a new complaint is made and warrant shall be issued within twenty-four hours." Act No. 3, Pub. Acts 1926, Extra Session.

And section 31 (*b*) now imposes the direct duty of return in case of acquittal upon the custodian of the property without any intervention of the court, as pointed out. It was not the imperative duty of the court to immediately after acquittal order the officer to do that which the law in unmistakable terms made it his duty to do forthwith without any order of the court. No demand is shown to have been made of the custodian or claim that he had refused, and no presumption could immediately arise that he would hazard fine or imprisonment by refusal to perform that statutory duty if within his power to do so. An order at that time would have no more legal force than the statute.

A properly prepared petition presented to the court

showing that one of its officers after time and opportunity to act had neglected or refused to perform a duty which the law imposed upon him in connection with a court proceeding presents another question; which brings us to the petition plaintiff subsequently presented to the court. The record shows the court entertained that petition, but on the facts before it declined to grant the order asked for the reasons returned. In considering that refusal defendant's return to the order to show cause must be taken as true. Passing the matters of demand and notice, it appears from the return that, when the criminal case against plaintiff was ended in the superior court by his discharge on June 22d, the property in question was promptly seized by the Federal authorities and since then has not been within the jurisdiction of defendant's court. Plaintiff's counsel contends that fact "does not deprive relator of his rights that the court is bound to recognize," and appeals, with citation of authorities, to the general rule that where property is in the actual possession of one court of competent jurisdiction, "such possession cannot be disturbed by process out of another court." When defendant was discharged and the case against him ended in the superior court, the right to possession of the property was in him, though in actual possession of a person or officer who then held it under the statute for him, not, primarily at least, subject to the order of the court, but whose statutory duty it was to return it to him. When the petition under consideration here was filed in the superior court the property was in actual possession of a Federal officer, taken, as the return shows, under criminal process from a Federal court, and has ever since remained, as defendant returns, beyond his control and not within the jurisdiction of the court of which he is judge.

When that petition was filed in his court the prop-

erty had been, whether rightfully or wrongfully, taken into actual custody of a Federal officer, and held under process of a Federal court, where it could not be disturbed by process from a State court.    The writ of mandamus asked could avail nothing.    That process will not be granted where its issuance would be nugatory and a vain thing..    *Young* v. *Van Buren Circuit Judge*, 145 Mich. 341; *W. A. Sturgeon & Co.* v. *Board of Assessors*, 159 Mich. 199; *Palmer-Stevenson Construction Co.* v. *Mason Circuit Judge*, 176 Mich. 326; 18 R. C. L. pp. 138, 139.    It is apparent that the order of the lower court if compelled could not accomplish the relief sought or the writ of mandamus asked be vindicated by enforcement of State process.

The writ prayed for is therefore denied.

BIRD, C. J., and SHARPE, SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred