### GEDRATIS *v.* CARROLL.

1. MALICIOUS PROSECUTION—ADMITTED GUILT IS COMPLETE DEFENSE.
    It is a complete defense to an action for malicious prosecution that plaintiff was admittedly guilty of the charge made against him, although because of failure of proof, a *nolle prosequi* was entered; since malicious prosecution is a remedy for wrongs done to innocent persons, not a means to afford the guilty a bonus for a failure of justice.

2. INTOXICATING LIQUORS—DUTY OF OFFICER TO RETURN AUTO-MOBILE ON ACQUITTAL OF OWNER.
    Under Act No. 3, Pub. Acts 1926, Ex. Sess., § 31*b*, it is the duty of police officers, on the acquittal of one charged with the offense of illegal transportation of intoxicating liquors, to forthwith return to him his car seized at the time of his arrest.

3. SAME—INTERNAL REVENUE—FORFEITURE OF AUTOMOBILE.

If the driver of an automobile charged with illegally transporting intoxicating liquor therein is prosecuted and convicted under the prohibition act (27 USCA § 40), this constitutes an election by the government, and forfeiture of the automobile must be had under title 2, § 26, of said act, and not under section 3450 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182), relating to the forfeiture of vehicles used in transporting liquor with intent to defraud the government of tax on liquors.

4. SAME—LIBEL IN FEDERAL COURT—JURISDICTION—REVENUE ACT.

A libel for forfeiture of an automobile under the revenue act (26 USCA, §§ 1181, 1182), conferred jurisdiction, where it did not state that the driver was discovered in the act of transportation, that the car was being so used when seized, or that any prosecution of the driver had been had, although it did allege that he illegally possessed and transported intoxicating liquors in the car.

5. JUDGMENT—FORFEITURE IN FEDERAL COURT CONCLUSIVE—CONVERSION—STATE COURT.

A judgment of forfeiture of an automobile used in transporting intoxicating liquors rendered in a Federal court was conclusive on the driver in an action of conversion brought by him against police officers in a State court.

6. INTERNAL REVENUE—FORFEITURE—PERSONAL SERVICE NOT NECESSARY.

Proceedings in Federal court under the revenue act for forfeiture of an automobile used in transporting intoxicating liquors are in rem and all the world are parties, and personal service on the owner of the car is not necessary.

7. SAME—FORFEITURE ATTACHED AT MOMENT OF COMMISSION OF OFFENSE.

Forfeiture of an automobile used in illegally transporting intoxicating liquors attached at the moment of the commission of the offense, and the effect of the judgment of forfeiture in Federal court was that from the moment of commission the property of the owner was completely divested, and even an innocent purchaser, after the cause of forfeiture occurred, could obtain no title from him.

8. SAME—ADOPTION OF SEIZURE BY STATE POLICE OFFICER BY GOV-
ERNMENT RENDERS FORFEITURE LEGAL.

Owner's contention that forfeiture under section 3450, Rev. Stat.
U. S. (26 USCA, §§ 1181, 1182), of automobile used in
illegally transporting intoxicating liquors was not legal be-
cause seizure was made by a State police officer is not tenable,
since by acting upon it the government adopted the seizure.

9. INTOXICATING LIQUORS—RETURN OF AUTOMOBILE NOT REQUIRED
WHERE OWNER'S TITLE FORFEITED IN FEDERAL COURT.

Act No. 3, Pub. Acts 1926, Ex. Sess., § 31*b*, requiring redelivery
of automobile to owner forthwith after his acquittal of charge
of illegal transportation of intoxicating liquors, does not
provide a special civil action for its violation, nor may it be
construed to require return to one whose title was forfeited
in Federal court as of moment of commission of the offense.

10. TRIAL—RULE THAT DEFENDANT MAY MOVE FOR DIRECTED VER-
DICT NOT CHANGED BY STATUTE.

3 Comp. Laws 1915, § 12628, did not change the rule that a
defendant has the right to move for a directed verdict at the
end of the testimony, although he did not so move at the
close of plaintiff's case.

Error to Superior Court of Grand Rapids; Ver-
dier (Leonard D.), J. Submitted April 3, 1929.
(Docket No. 41, Calendar No. 34,225.) Decided
June 3, 1929.

Case by Charles Gedratis against Albert A. Car-
roll and another for malicious prosecution and con-
version. From a judgment for defendants, plaintiff
brings error. Affirmed.

*Michael Garvey,* for plaintiff.

*Ganson Taggart* and *Fred N. Searl,* for defend-
ants.

FEAD, J. Defendant Figley is a police officer and
defendant Carroll is superintendent of police in

Grand Rapids. On May 5, 1926, Figley saw plaintiff drive his automobile on the left of the center of a street intersection when turning a corner, in violation of a city ordinance. He stopped plaintiff, went to his car, noticed that he was intoxicated, and saw a basket covered by a blanket. The testimony is in dispute as to the conversation then had, Figley claiming plaintiff gave him permission to investigate the basket and plaintiff denying it. Figley examined the basket and found a 2-gallon jug of moonshine whisky. Plaintiff claimed he did not know it was in his car. However, he knew he had a bottle of whisky in his pocket, which he admitted having purchased. Figley sent plaintiff and the car to the police station, where Carroll took charge of it. The next day Figley told the facts to the assistant prosecuting attorney, and, under his advice, made complaint against plaintiff for transportation and possession of intoxicating liquors. The latter was held for trial, trial was begun before a jury on June 22d, but because of failure of technical proof of the ordinance, a *nolle prosequi* was entered.

Plaintiff claimed that immediately after the acquittal he demanded his car of Figley and the latter refused to give it up. Figley denied this. On the same day Figley, upon advice of the assistant prosecutor, called the case to the attention of the Federal prohibition administrator, who had a warrant issued charging plaintiff with violation of the Federal prohibition act, and asked Carroll to hold the car for him. Carroll held it in the police garage until July 26th, when the Federal administrator took it into his actual possession.

Plaintiff was not brought to trial in Federal court. It appears his bail was forfeited on March 21, 1927. The final disposition of his case was not shown. Proceedings were commenced in the Federal dis-

trict court to forfeit plaintiff's automobile because of its use on May 5, 1926, in possessing and transporting intoxicating liquor "with intent to defraud the United States of the tax on spirituous liquors found therein," the action being brought under sections 3450 and 3453 of the Revised Statutes of the United States (26 USCA §§ 1181, 1182, 1185). Judgment of condemnation, forfeiture, and for sale of the car was rendered April 27, 1927, and the automobile afterwards sold. Plaintiff was not personally served in the action. Service was by publication.

Plaintiff brought this action against defendants on two counts, for conversion of the car and for malicious prosecution. The court directed a verdict for defendants.

The second count has no questions of merit. Plaintiff admittedly was guilty of the charge made against him. This was a complete defense. Malicious prosecution is a remedy for wrongs done to innocent persons, not a means to afford the guilty a bonus for a failure of justice. *Mack* v. *Sharp,* 138 Mich. 448 (5 Ann. Cas. 109); *Hetfield* v. *Mortimer,* 236 Mich. 214; 38 C. J. p. 459.

The charge of conversion presents an interesting question. Under section 31*b*, Act No. 3, Pub. Acts 1926, Ex. Sess., it was the duty of defendants to return plaintiff's car forthwith upon his acquittal. *Gedratis* v. *Judge of Superior Court,* 236 Mich. 383. Plaintiff now contends that, if Figley refused to return the car upon plaintiff's demand after his acquittal, defendants are liable to damages for depriving him of his statutory right of possession. In the circuit court his claim of damages was for the value of the car. He made no claim or showing of damage for loss of possession as distinguished from loss of the property. The action was for conversion.

Defendants contend that, because of the judgment of forfeiture in Federal court, plaintiff had neither ownership nor right of possession and the action would not lie.

A car used in the transportation of intoxicating liquor may be adjudged forfeited either under section 3450 of the Revised Statutes of the United States, the revenue act, or title 2, § 26, of the national prohibition act (27 USCA § 40). If a driver is prosecuted and convicted under the prohibition act, this constitutes an election by the government, and forfeiture must be had under section 26 and not under section 3450. *Port Gardner Investment Co.* v. *United States,* 272 U. S. 564 (47 Sup. Ct. 165); *Commercial Credit Co.* v. *United States,* 276 U. S. 226 (48 Sup. Ct. 232). In the latter case the court reserved the question of the effect of an acquittal upon the right to resort to section 3450 for forfeiture. In *United States* v. *One Ford Coupe Automobile,* 272 U. S. 321 (47 Sup. Ct. 154, 47 A. L. R. 1025), the court held that section 26 is "applicable only if a person is discovered in the act of transporting intoxicating liquor in violation of law," and, on motion to dismiss, sustained jurisdiction in a proceeding brought under section 3450, where the libel did not allege that the automobile had been so discovered or was being so used, that the driver had been arrested, prosecuted, or that he was found, although the libel contained a copy of a criminal complaint against him.

It appears that the libel at bar should have been laid under section 26. However, while it alleged that plaintiff illegally possessed and transported intoxicating liquors in the car on May 5, 1926, the libel did not state that he was discovered in the act of transportation, that the car was being so used when seized, nor that any proceedings for plaintiff's

prosecution had been had. Under the *Ford Coupe Case,* the libel on its face was sufficient to confer jurisdiction under section 3450. Aside from this, the judgment of forfeiture was conclusive upon plaintiff. In the early case of *Gelston* v. *Hoyt,* 3 Wheat. 246, in an action of trespass for seizing a ship, claimed to have been fitted out for illegal purposes, the court laid down the rule (syllabus):

"The courts of the United States have an *exclusive* cognizance of the questions of forfeiture upon all seizures made under the laws of the United States; and it is not competent for a State court to entertain or decide such question of forfeiture. If a sentence of condemnation be definitely pronounced by the proper court of the United States, it is conclusive that a forfeiture is incurred; if a sentence of acquittal it is equally conclusive against the forfeiture; and in either case, the question cannot be again litigated in any common-law forum.   \*   \*   \*

"If a suit be brought against the seizing officer for the supposed trespass while the suit for the forfeiture is depending, the fact of such pendency may be pleaded in abatement, or as a temporary bar of the action. If after a decree of condemnation, then that fact may be pleaded as a bar; if after an acquittal, with a certificate of reasonable cause of seizure, then that may be pleaded as a bar. If, after an acquittal without such certificate, then the officer is without any justification for the seizure, and it is definitely settled to be a tortious act. If to an action of trespass in a State court for a seizure, the seizing officer plead the fact of forfeiture in his defence without averring a *lis pendens,* or a condemnation, or an acquittal with a certificate of reasonable cause of seizure, the plea is bad; for it attempts to put in issue the question of forfeiture in a State court."

Proceedings for forfeiture are *in rem* and all the world are parties. Personal service on the owner of the property is not necessary. The forfeiture at-

tached at the moment of the commission of the offense, and the effect of the judgment of forfeiture was that from that moment the property of the plaintiff was completely divested. Even an innocent purchaser, after the cause of forfeiture occurred, could obtain no title. *Kriess* v. *Faron,* 118 Cal. 142 (50 Pac. 388); *Pilcher* v. *Faircloth,* 135 Ala. 311 (33 South. 545); *Henderson's Distilled Spirits,* 14 Wall. (U. S.) 44; *Wessels* v. *Beeman,* 87 Mich. 481; *United States* v. *Stowell,* 133 U. S. 1 (10 Sup. Ct. 244). In the latter case the court said:

"By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act shall be forfeited, the forfeiture takes effect immediately upon the commission of the act; the right to the property then vests in the United States, although their title is not perfected until judicial condemnation; the forfeiture constitutes a statutory transfer of the right to the United States at the time the offence is committed; and the condemnation, when obtained, relates back to that time, and avoids all intermediate sales and alienations, even to purchasers in good faith."

Plaintiff's contention that the forfeiture was not legal because seizure was made by a police officer, citing *United States* v. *Loomis* (C. C. A.), 297 Fed. 359, is not tenable. The contrary was later held by the same court as applied to section 3450, *United States* v. *One Studebaker, Seven-Passenger Sedan,* 4 Fed. (2d) 534, and was settled in *Dodge* v. *United States,* 272 U. S. 530 (47 Sup. Ct. 191), in both of which cases the original seizure had been by police officers. In the latter case the court said: "The jurisdiction of the court in such a case was secured by the fact that the *res* was in the power of the pro-

hibition director when the libel was filed," and approved the principle which is set out in the oft-quoted language of Mr. Justice Story in *The Caledonian,* 4 Wheat. 100:

"In respect to the other point, it is a general rule, that any person may seize any property forfeited to the use of the government, either by the municipal law, or by the law of prize, for the purpose of enforcing the forfeiture. And it depends upon the government itself, whether it will act upon the seizure. If it adopts the acts of the party, and proceeds to enforce the forfeiture by legal process, this is a sufficient recognition and confirmation of the seizure, and is of equal validity in law, with an original authority given to the party to make the seizure. The confirmation acts retroactively, and is equivalent to a command."

The judgment of the Federal court divested plaintiff of all right of property in the automobile as of May 5, 1926, the date of commission of the offense. Our statute, requiring redelivery on acquittal, does not provide a special civil action for its violation. Nor can it be construed to require return of property to one who has no title or right of possession. Plaintiff's claim of right of possession was inseparable from ownership, and, as he had no ownership when he made demand, he lost nothing by the refusal to return.

3 Comp. Laws 1915, § 12628, did not change the rule that a defendant has the right to move for a directed verdict at the end of the testimony, although he did not so move at the close of plaintiff's case.

Judgment is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, Mc-DONALD, POTTER, and SHARPE, JJ., concurred.