## CEBULSKI v CITY OF BELLEVILLE

Docket No. 85052. Submitted February 19, 1986, at Detroit. Decided
    August 20, 1986. Leave to appeal denied, 428 Mich 856.

James Cebulski and his wife, Denise Cebulski, brought an action
    for damages in Wayne Circuit Court against the City of Belle-
    ville and Gene Taylor, an officer in the Belleville Police Depart-
    ment. In their complaint plaintiffs claimed that Officer Taylor
    stopped the automobile being driven by James Cebulski for
    speeding, that James Cebulski informed Officer Taylor that he
    was unable to control his bowel movement because of recent
    surgery, that he requested that Officer Taylor let him go to his
    house a short distance away so that he might use the bathroom
    there, that Officer Taylor had refused that request and had
    informed James Cebulski that he would be arrested for inde-
    cent exposure if he tried to defecate in the bushes at the side of
    the road, and that, as a result, plaintiff James Cebulski became
    incontinent and defecated in his clothing while waiting in his
    automobile while Officer Taylor wrote the speeding violation
    ticket. The complaint alleged intentional infliction of emotional
    distress. Defendants moved for summary judgment on the basis
    of the failure to state a cause of action. The trial court, Michael
    J. Connor, J., granted the motion. Plaintiffs appealed.

The Court of Appeals *held:*

1. The tort of intentional infliction of emotional distress, if it
were to be recognized in Michigan, would require proof of
extreme and outrageous conduct which intentionally or reck-
lessly causes severe emotional distress to another before liabil-
ity would be imposed. Extreme and outrageous conduct is
conduct so outrageous in character and so extreme in degree as
to go beyond all possible bounds of decency and to be regarded
at atrocious and utterly intolerable in a civilized community.

2. The officer had a lawful right to detain plaintiff James

### REFERENCES

Am Jur 2d, Torts §§ 26 *et seq.*

Modern status of intentional infliction of mental distress as inde-
    pendent tort; outrage. 38 ALR4th 998.

See also the annotations in the Index to Annotations under Dam-
    ages; Intentional, Wilful, and Wanton Acts.

Cebulski while he issued the speeding ticket; therefore, the officer cannot be held liable for exercising his legal right to detain plaintiff James Cebulski. Accordingly, the trial court properly determined that plaintiffs failed to state a claim upon which relief could be granted.

Affirmed.

T. M. BURNS, J., dissented. He would hold that plaintiffs' complaint alleged conduct which goes beyond all possible bounds of decency and is intolerable in a civilized community. He would hold that plaintiffs' complaint states a valid cause of action. He would reverse.

### OPINION OF THE COURT

TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS — EXTREME AND OUTRAGEOUS CONDUCT.

The tort of intentional infliction of emotional distress, if it were to be recognized in Michigan, would create liability in one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another; extreme and outrageous conduct is conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

*Burgess, Burgess & Triest, P.C.* (by *Marianne G. Talon*), for plaintiffs.

*Craig, Farber, Downs & Dice* (by *Gene A. Farber*), for defendants.

Before: J. H. GILLIS, P.J., and T. M. BURNS and W. F. HOOD,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendants' motion for summary disposition for failure of plaintiffs' complaint to state a claim.

Plaintiffs' complaint alleged as follows: At approximately 12:30 A.M. on April 20, 1984, plaintiffs were driving toward their home when they noticed police flashers behind them. Plaintiff James Cebul-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ski stopped his car at a point approximately "125 years" [sic, yards?] from the plaintiff's home and told the defendant police officer that the reason he was exceeding the speed limit was because an emergency situation existed. Plaintiff showed the officer a scar where he had just had surgery and informed the officer he could not control the timing of his bowel movements for very long and that he desperately had to go to the bathroom. Plaintiff pleaded with the defendant officer to allow him to go to his home, which was within eyesight, so that he might go to the bathroom, and plaintiff told the officer he would leave the car, his license, and his fiancée (now wife), and he would be back. The officer refused to allow plaintiff to go use the bathroom and told him there was a bush nearby, but if plaintiff attempted to have a bowel movement behind the bush defendant would arrest him for indecent exposure. Plaintiff continued to plead with the defendant officer while the officer wrote out a ticket, but defendant refused to allow plaintiff to move. Plaintiff could not control his bowel movements and had one in his clothing in the presence of the officer and his fiancée. As the officer handed plaintiff a ticket, he stated, "That's your problem."

The complaint further alleges that the officer's conduct was "outrageous and malicious, and done without regard for the safety and sensibilities of the plaintiff;" and as a result of the officer's "intentional infliction of emotional distress upon plaintiffs, plaintiffs have suffered extreme discomfort, embarrassment, humiliation and fright that plaintiff James Cebulski's internal organs would be damaged, as well as destruction of his car interior."

A second count of the complaint sought damages for claimed violation of plaintiff's constitutional

rights under 42 USC 1983. This count was dismissed, apparently by stipulation. A third count contained a derivative claim for loss of consortium by plaintiff's then fiancée, now wife, Denise Cebulski.

As noted above, defendants moved for summary disposition on the ground that the complaint failed to state a claim upon which relief could be granted. Defendants' brief and oral argument to the court in support of the motion (as well as plaintiffs' answering brief and oral argument) asserted factual details of the incident which were not as set forth in the pleadings. The trial judge in rendering his decision from the bench recited some of these details. We agree with plaintiffs' contention that a motion based upon the assertion that a claim has not been stated must be tested by looking to the pleadings alone. However, we are satisfied that the trial court's recitation of such additional facts was of no consequence to the decision. In any event, in our review we limit ourselves to consideration of the sufficiency of plaintiffs' complaint. So doing, we affirm the decision of the trial court.

If the complaint had alleged acts constituting an assault, false arrest, false imprisonment or similar traditional tort, there is little doubt such allegations would sustain a claim for damages for all emotional distress resulting therefrom, even though such distress was due primarily to the unusual circumstances of plaintiff's physical condition resulting from his surgery. Plaintiff, however, makes his claim not for any such traditional tort. He asserts he has stated a cause of action for the comparatively new and totally independent tort commonly referred to as "intentional infliction of emotional distress."

*Roberts v Auto-Owners Ins Co,* 422 Mich 594;

374 NW2d 905 (1985), contains the latest pro-
nouncements of our Supreme Court on the subject
of this tort. Although in *Roberts* the parties had
been requested to brief the issue of whether such
torts exists in this jurisdiction, the Court after
receiving the briefs refused to decide that issue.
The refusal was based upon the Court's conclusion
that resolution of that issue was not required for
disposition of the case before it, since the plead-
ings and proofs failed to make out a prima facie
showing of "extreme and outrageous conduct" or
"severe emotional distress."

The *Roberts* case did make clear, however, that,
if the tort of intentional infliction of emotional
distress exists in Michigan, it conforms substan-
tially to the principles described in Restatement
Torts, 2d, § 46, p 71, which reads in part as fol-
lows:

> Outrageous Conduct Causing Severe Emotional
> Distress.
> (1) One who by extreme and outrageous conduct
> intentionally or recklessly causes severe emotional
> distress to another is subject to liability for such
> emotional distress, and if bodily harm to the other
> results from it, for such bodily harm.

The Supreme Court further stated: "Four ele-
ments are identified in this definition: (1) 'extreme
and outrageous' conduct; (2) intent or recklessness;
(3) causation; and (4) 'severe emotional distress.'"
*Roberts,* p 602.

In the instant case the first two, and to some
extent the third, of these elements are lacking.

The meaning of the phrase "extreme and outra-
geous conduct" was discussed in *Roberts* as fol-
lows:

> An oft-quoted Restatement comment summa-

rizes the prevailing view of what constitutes "extreme and outrageous" conduct:

"The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous.' " [*Roberts*, 602-603, quoting Restatement Torts 2d, § 46, comment d, pp 72-73.]

Plaintiffs' complaint tacitly admits the plaintiff was speeding. The substance of plaintiff's claim is that the officer stopped him for that offense and detained him until he had processed the issuance of a ticket for the violation. Stopping and detaining a speeder for the length of time required to issue a ticket simply does not meet the foregoing definition of "extreme and outrageous conduct."

The second element is "intent or recklessness." The complaint is devoid of allegations that the officer stopped and detained plaintiff for the purposes of inflicting severe emotional distress. Plaintiff does not allege that the officer intentionally slowed or delayed the ticket-issuing process for the purpose of causing emotional distress or even that plaintiff's emotional distress was caused by the officer's recklessly—i.e., wilfully and wantonly—delaying the ticketing process.

Plaintiff apparently claims that it was reckless and actionable outrageous misconduct for the officer to refuse to release plaintiff before the ticket was issued. Such claim is defeated by referring again to *Roberts* where another Restatement comment is quoted as follows:

> The conduct, although it would otherwise be extreme and outrageous, may be privileged under the circumstances. The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. [*Roberts*, p 603, quoting Restatement Torts, 2d, § 46, comment g, p 76.]

The officer obviously had a legal right—indeed, a duty—to stop plaintiff and detain him until the ticket was issued. Consequently, the officer cannot be held liable for insisting on his legal right in a permissible way, though he might have been well aware that such insistence was certain to cause emotional distress.

The complaint alleges that, in refusing to allow plaintiff to go use the bathroom, the officer told plaintiff there was a bush nearby, but if he used it he would be arrested for indecent exposure and, further, that as the officer handed plaintiff the ticket the officer stated, "That's your problem." To the extent these alleged remarks are averred to show the officer exercised his legal right in an impermissible way, the issue of causation—which is the third of the four elements of the tort—becomes pertinent.

Plaintiff seeks damages for the embarrassment and other emotional distress which occurred because he had a bowel movement in his clothing in the presence of his fiancée and the officer. This

event was caused by the combination of plaintiff's physical condition and his detention while the ticket was prepared. It is not claimed that the alleged remarks altered plaintiff's physical condition or extended the detention. Therefore, even if the remarks were "impermissible" they were not the cause of the event which distressed plaintiff.

The trial judge was correct in finding that the complaint failed to state a claim for the independent tort of intentional infliction of emotional distress.

Affirmed.

T. M. BURNS, J. *(dissenting)*. I respectfully dissent.

Plaintiffs sufficiently allege tortious conduct.

The allegations indicate that a police officer with knowledge that plaintiff James Cebulski would have an uncontrollable bowel movement forbade plaintiff, under penalty of arrest, from having that bowel movement other than in his pants.

Such conduct is outrageous!

This conduct goes beyond all possible bounds of decency and is intolerable in a civilized community.

The majority incorrectly focuses on defendant officer's conduct in stopping plaintiff James Cebulski for speeding and issuing him a ticket. Defendant officer's other conduct cannot be ignored. While defendant officer certainly had a legal right to stop plaintiff James Cebulski and issue him a ticket, he had no right to force him to have a bowel movement in his pants. At the very least, defendant police officer could have searched plaintiff James Cebulski for weapons and then allowed him to proceed over to the bushes.

Because plaintiffs' complaint states a valid cause of action, I would reverse.