KILLIAN v FULLER

Docket No. 87631. Submitted February 3, 1987, at Lansing. Decided August 4, 1987. Leave to appeal applied for.

Jerry Killian was arrested on October 11, 1979, and charged with delivery of a controlled substance. On January 20, 1981, he was convicted on his plea of guilty. On June 10, 1982, the Court of Appeals reversed his conviction on the grounds of entrapment, 117 Mich App 220 (1982). The Supreme Court denied the prosecutor leave to appeal, 414 Mich 944 (1982). On November 13, 1984, Killian brought an action in the Genesee Circuit Court against Anthony Fuller and others, employees of various law enforcement agencies, alleging that defendants acted jointly to entrap plaintiff, that defendants conspired to entrap plaintiff, that defendants manufactured or instigated the crime for which plaintiff was convicted, and that defendants' acts were designed to accomplish either an unlawful purpose or a lawful purpose by unlawful means. As the basis for his damages, Count I alleged deprivation of his liberty and emotional, mental and financial injury. In Count II, plaintiff alleged that the same acts by defendants constituted outrageous conduct that caused plaintiff severe emotional distress. The court, Judith Ann Fullerton, J., dismissed Count I for failure to state a claim and Count II on the basis of the statute of limitations. Plaintiff appealed by leave granted.

The Court of Appeals *held:*

1. Count I failed to state a claim of malicious prosecution because it failed to plead both lack of probable cause and malice. Further, amendment of the pleading would have been

REFERENCES

Am Jur 2d, Fright, Shock, and Mental Disturbances §§ 4-7, 17.

Am Jur 2d, Limitation of Actions §§ 107 *et seq.*

Am Jur 2d, Malicious Prosecution §§ 71, 72, 76, 169 *et seq.*

Am Jur 2d, Pleading §§ 230-237.

Modern status of intentional infliction of mental distress as independent tort; "outrage." 38 ALR4th 998.

Accused's release of liability, or stipulation that there was probable cause for criminal charge, in consideration of termination of prosecution as precluding malicious prosecution action. 26 ALR4th 245.

insufficient to cure the defect, since plaintiff's plea of guilty conclusively established probable cause. Therefore, the court's ruling was right for the wrong reason.

2. Count II is barred by the statute of limitations. The elements of a properly pled claim for intentional infliction of emotional distress are (1) extreme and outrageous conduct perpetrated by defendant, (2) intent or recklessness on the part of the defendant, and (3) causation of (4) severe emotional distress sustained by the plaintiff. A cause of action accrues when all elements of the cause have occurred and can be pleaded in a proper complaint. The time of accrual triggers the running of the period of limitations. All of the elements accrued upon plaintiff's arrest.

Affirmed.

1. PLEADING — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM — COURT RULES.

A motion for summary judgment based upon the failure to state a claim upon which relief may be granted challenges the legal sufficiency of the plaintiff's claim only; the motion is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged; the motion should be denied unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover; where a pleading's deficiency can be cured by amendment, the court should grant leave to appeal (MCR 2.116[C][8], 2.116[I][5]).

2. MALICIOUS PROSECUTION — TORTS — GUILTY PLEAS.

A plaintiff, in order to sustain a charge of malicious prosecution, must prove that a criminal prosecution was instituted against him by a defendant which terminated in his favor, that defendant had no probable cause for the prosecution, and that defendant acted from malicious motives; a guilty plea is conclusive evidence of probable cause unless the plea was induced by fraud or unfair means.

3. LIMITATION OF ACTIONS — ACCRUAL OF ACTIONS.

A cause of action accrues when all elements of the cause have occurred and can be pleaded in a proper complaint; the time of accrual triggers the running of the period of limitations.

4. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The elements of a properly pled claim for intentional infliction of emotional distress are (1) extreme and outrageous conduct

perpetrated by the defendant, (2) intent or recklessness on the part of the defendant, and (3) causation of (4) severe emotional distress sustained by the plaintiff.

*George R. Hamo,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *J. Peter Lark,* Assistant Attorney General, for defendants Fuller, Cushman, Warmington and Palmer.

*Borrello, Thomas & Jensen, P.C.* (by *Michael D. Thomas*), for defendants Phelps and Chmielewski.

*S. Olaf Karlstrom* and *Linda M. Olivieri,* for defendant Parrish.

Before: BEASLEY, P.J., and CYNAR and R. C. ANDERSON,* JJ.

PER CURIAM. Plaintiff Jerry Killian appeals by leave granted from an order of summary disposition in favor of defendants. We affirm.

Plaintiff filed a complaint on November 13, 1984. In his amended complaint, plaintiff alleged that he was arrested on or about October 11, 1979, and charged with the criminal offense of delivery of a controlled substance. The arrest resulted from the efforts of defendant law enforcement officers, all of whom were employed by one of the following agencies: the Department of State Police, the United States Drug Enforcement Administration, the Flint Police Department, or the Saginaw County Police Department. In the ensuing criminal proceedings, the circuit court denied Killian's motion raising an entrapment defense, and Killian was thereafter convicted after a guilty plea on January 20, 1981. On June 10, 1982, this Court

* Circuit judge, sitting on the Court of Appeals by assignment.

reversed the conviction on the ground of entrapment. On November 10, 1982, the Supreme Court denied the prosecutor's application for leave to appeal. See *People v Killian,* 117 Mich App 220; 323 NW2d 660 (1982), lv den 414 Mich 944 (1982).

The amended complaint stated two counts, which were entitled: (1) civil conspiracy and (2) infliction of emotional distress. Count I alleged that defendants acted jointly to entrap plaintiff, that defendants conspired to entrap plaintiff, that defendants manufactured or instigated the crime for which plaintiff was convicted, and that defendants' acts were designed to accomplish either an unlawful purpose or a lawful purpose by unlawful means. As the basis for his damages, plaintiff alleged deprivation of his liberty and emotional, mental and financial injury. In Count II, plaintiff alleged that the same acts by defendants constituted outrageous conduct that caused plaintiff severe emotional distress.

The circuit court dismissed the entire complaint. Count I was held not to state a claim upon which relief can be granted because its allegations were inadequate to raise the tort of malicious prosecution. The court denied plaintiff's request to amend Count I because the untimeliness of the amendment would prejudice defendants. Count II was deemed to be barred by the statute of limitations.

On appeal, plaintiff argues that the allegations of Count I were adequate to state a claim for malicious prosecution. Although not clearly indicated by the circuit court, we assume that the disposition of this count was pursuant to either GCR 1963, 117.2(1) or MCR 2.116(C)(8). Under either provision, the motion tests the legal basis of the complaint with reference to the pleadings alone. The allegations of the complaint and all fairly drawn inferences from those allegations are

assumed to be true. The test is whether the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery. See *Kekel v Allstate Ins Co,* 144 Mich App 379, 381; 375 NW2d 455 (1985), lv den 424 Mich 878 (1986). If it appears that a pleading deficiency can be cured by amendment of the complaint, then the court should grant the plaintiff leave to amend. GCR 1963, 117.3; MCR 2.116(I)(5).

The elements of a malicious prosecution claim are (1) a termination of prior proceedings (instigated by defendant) favorably to the plaintiff, (2) the absence of probable cause for the proceedings, and (3) malice on the part of the defendant. *King v Arbic,* 159 Mich App 452, 465; 406 NW2d 852 (1987). Our review of the complaint in the instant case indicates that the draftsman failed to plead the elements of either lack of probable cause or malice. Nevertheless, it appears that the pleading deficiency may have been amenable to cure by amendment.

However, we conclude that the claim of malicious prosecution is deficient for another reason— the facts pleaded by the complaint establish that it is legally impossible for plaintiff to prove that defendants lacked probable cause. More particularly, plaintiff's guilty plea prior to his acquittal on the ground of entrapment establishes conclusively that defendants had probable cause for their role in plaintiff's criminal prosecution.

In arriving at this conclusion, we note that the successful assertion of an entrapment defense neither negates nor establishes probable cause. Entrapment is entirely collateral to the issues of the defendant's guilt or innocence. The entrapment defense reflects a judicial policy to deter overreaching governmental conduct. *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). We wish

to make clear that our holding is not based on the fact that defendant obtained an acquittal by means of the entrapment defense.[1]

The general rule is that a guilty plea is conclusive evidence of probable cause unless that plea was induced by fraud or unfair means. *Piechowiak v Bissell,* 305 Mich 486; 9 NW2d 685 (1943). See also *Nawrocki v Eberhard Foods, Inc,* 24 Mich App 646, 650-651; 180 NW2d 849 (1970), lv den 389 Mich 753 (1972). In the instant case, plaintiff's complaint does not allege that his plea was in any way improperly obtained or induced. Presumably, the plea taking was conducted in accordance with GCR 1963, 785.7, now MCR 6.101(F), which contains procedural safeguards for the accuracy and voluntariness of the plea. Therefore, the dismissal of the malicious prosecution claim was proper because the claim failed to state a legal basis upon which relief can be granted. Although the circuit court order dismissing Count I did not reach this issue, it is well settled that this Court will not reverse a correct decision reached by the trial court for the wrong reason. *Buckeye Union Fire Ins Co v Detroit Edison Co,* 38 Mich App 325, 332; 196 NW2d 316 (1972).

With respect to Count II, plaintiff argues that his claim for intentional infliction of emotional distress was not barred by the statute of limitations. Plaintiff argues that the period did not begin to

---

[1] In *Tomita v Tucker,* 18 Mich App 559, 563; 171 NW2d 564 (1969), lv den 383 Mich 769 (1970), it was held that the assertion of an entrapment defense by the civil plaintiff requires as a matter of law the conclusion that the police defendants had probable cause. This holding is based on the theory that the entrapment defense assumes that the criminal defendant (the civil plaintiff) is guilty as charged. See *Gedratis v Carroll,* 247 Mich 141, 145; 225 NW 625 (1929). This theory is not in accord with more recent pronouncements of our Supreme Court. In *D'Angelo, supra,* p 179, the Court noted that the entrapment defense is "irrelevant" to "an assessment of guilt or innocence." Accordingly, we decline to base our decision on the holding in *Tomita.*

run until the November 10, 1982, decision of the Supreme Court denying leave to appeal this Court's decision reversing plaintiff's criminal conviction. The period of limitations applicable to a claim for intentional infliction of emotional distress is three years, as provided by MCL 600.5805(8); MSA 27A.5805(8). *Mosley v Federal Department Stores, Inc,* 85 Mich App 333, 338-340; 271 NW2d 224 (1978). The circuit court ruled that the period of limitations began to run at the time of plaintiff's October, 1979, arrest date and that the claim for intentional infliction of emotional distress, first filed more than five years thereafter, was untimely. We agree with the circuit court ruling that Count II was by the statute barred.

Generally, a cause of action does not accrue until all elements of the cause have occurred and can be pleaded in a proper complaint. *Parisi v Michigan Townships Ass'n,* 123 Mich App 512, 514; 332 NW2d 587 (1983), lv den 417 Mich 1100.16 (1983). The time of accrual triggers the running of the period of limitations. MCL 600.5827; MSA 27A.5827. The determination whether a motion for accelerated judgment asserting a statute of limitations should be granted requires the court to accept as true all well-pled allegations of the complaint and to construe those allegations favorably to the plaintiff. *Arent v Hatch,* 133 Mich App 700, 704; 349 NW2d 536 (1984), lv den 419 Mich 939 (1984).

The elements of a properly pled claim for intentional infliction of emotional distress are (1) extreme and outrageous conduct perpetrated by the defendant, (2) intent or recklessness on the part of the defendant, and (3) causation of (4) severe emotional distress sustained by the plaintiff. *Roberts v Auto-Owners Ins Co,* 422 Mich 594, 602; 374 NW2d 905 (1985). However, when a complaint alleges that a police officer's conduct amounts to no more

than an insistence on a "legal right in a permissible way," the claim fails because the elements of outrageous conduct and a reckless or intentional state of mind are deficient. *Cebulski v City of Belleville*, 156 Mich App 190, 196; 401 NW2d 616 (1986), lv den 428 Mich 856 (1987). Therefore, in order to sustain plaintiff's claim, it was necessary to show that defendants' conduct giving rise to an entrapment defense exceeded the bounds of what the police could legally do.

We conclude that an actionable claim accrued in October of 1979 because the events relied upon to establish all elements of the emotional distress claim had already occurred at that time. Plaintiff's claim that the unlawful nature of the arrest could only be established by the subsequent criminal proceedings is without merit. Assuming that the police conduct was in fact extreme, outrageous, and reckless or intentional, that conduct was in every way completed after plaintiff's arrest. The subsequent criminal proceedings giving rise to plaintiff's acquittal could not have altered or enhanced that conduct. Undoubtedly, the ultimate resolution of the entrapment issue would have had a significant bearing if this case had proceeded to trial, but the criminal proceedings did not form part of the basic transaction giving rise to plaintiff's civil claim. Unlike a claim for malicious prosecution, the outcome of the criminal proceedings was not an element of a claim for intentional infliction of emotional distress. Cf. *Parisi, supra.* The question presented is more analogous to a claim for false imprisonment, which accrues at the time of the plaintiff's release from detention. *Nawrocki, supra,* p 649.

Accordingly, the circuit court order dismissing both counts of plaintiff's complaint was not in error.

Affirmed.